UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LALAINE GIL, | Case No. 2:23-cv-02103-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant her request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

**I.      Analysis**

     **A.      Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1   In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Screening the Complaint**

Plaintiff's complaint contains very few factual allegations. *See* ECF No. 1-1. She alleges that she was accused of a crime she did not commit and that on April 18, 2023, she was illegally arrested. Moreover, she alleges that while at the jail she was handcuffed and made to sit on a chair for a prolonged period. As a result, her shoulder and back started to hurt. Despite being in pain, she received no medical attention.

Although the factual allegations are sparse, she asserts a variety of claims: "civil rights violation, defamation, slander, libel, personal injury, kidnapping and ransom, false imprisonment, false arrest and illegal detention, Section 1983 of the U.S. Code Title 42, trespassing, malicious prosecution, battery and assault or excessive force, torture and negligent disregard to take medical attention and disability, and no warrant." ECF No. 1-1. She names the following Defendants: Las Vegas Metropolitan Police Department, Clark County Detention Center, and Officer J. Viramontes. *Id*.

***1.  42 U.S.C. §1983***

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed more fully below, Plaintiff appears to assert constitutional violations in relation to her illegal arrest, the use of excessive force, the failure to

attend to her medical needs while at the Clark County Detention Center, and a malicious prosecution. As explained more fully below, the Court will deny these constitutional violation claims with leave to amend.

### A. Illegal arrest claim, *Heck* bar, and duplicative claims

To state a § 1983 claim for false arrest, Plaintiff must show that Defendant made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013). Here, Plaintiff alleges she was arrested for a crime that she did not commit, but she does not assert that officers had no probable cause to arrest her. That is, officers may have had probable cause for her arrest even if she ultimately did not commit the crime for which she was arrested. As a result, the Court will deny the claim with leave to amend so that Plaintiff can assert whether probable cause existed.

In addition, if the alleged constitutional violations would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Here, Plaintiff's complaint does not state whether she was convicted in relation to this arrest. If she was convicted, the truth of these allegations (i.e., the illegal arrest) would necessarily imply the invalidity of her conviction or sentence. Currently, the Court cannot tell if her constitutional claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). As a result, Plaintiff will be given leave to amend her complaint and assert whether she was convicted in relation to this arrest and, if so, whether her conviction was set aside or invalidated.

In addition, it appears Plaintiff is repeating the same claim when alleging claims for "kidnapping, false imprisonment, illegal arrest, etc." As a result, assuming she is not barred under *Heck*, she need only allege the unlawful arrest if she chooses to amend the complaint. In turn, the Court will recommend that the claims for false imprisonment and false arrest be dismissed as

duplicative of the illegal arrest claim. Lastly, she must name the Defendant(s) responsible for the alleged illegal arrest.

### B. Excessive Force

In *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant's use of force was used purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id*. at 2472-73. Plaintiff needs to provide additional facts in support of this claim and must also name the Defendant(s) responsible for the alleged act. As a result, the Court will deny these claims with leave to amend.

### C. Deliberate indifference

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018) (relying on *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment). To state a § 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, Plaintiff alleges that she was made to sit for a prolonged period of time while handcuffed, giving rise to pain in her wrist and shoulder. But she does not allege the Defendant(s) responsible for these acts. As a result, the Court will deny the claim with leave to amend.

### D. Malicious prosecution

In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).

Here, Plaintiff does not allege any facts to support this claim. As a result, the Court will deny this claim with leave to amend. If Plaintiff intends to assert a malicious prosecution claim, she would also need to allege facts to demonstrate that her claim is not barred under *Heck v. Humphreys*, 512 U.S. 477, 483-87 (1994), as discussed above.

### 2. Other claims

#### A. Defamation, slander, and libel claims

A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (1997).

In order to assert a claim for slander, Plaintiff must show that there was "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person, (3) fault, amounting to at least negligence, and (4) actual or presumed damages." *Flowers v. Carville*, 266 F.Supp.2d 1245, 1251 (D. Nev. 2003). Similarly, a claim for slander also requires "a showing of special damages unless the defamatory statement is slanderous per se." *Lambey v. Nevada ex rel. Dept. of Health and Human Services*, 2008 WL 2704191 at *5 (D. Nev. 2008). "A statement is slanderous per se if it (1) imputes commission of a crime; (2) injures the plaintiff's trade, business, or office; (3) imputes contraction of a loathsome disease; or (4) imputes unchastity in a woman." *Id*.

In order to maintain a claim of libel, a plaintiff must show a false and defamatory statement, its unprivileged publication, fault, and damages. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82 (2002).

Plaintiff alleges no facts regarding any of these claims. Nor does she name the Defendant(s) responsible for these allegations. Thus, the Court cannot determine whether she can assert a claim for relief. Plaintiff's claims will be denied with leave to amend.

#### B. Assault and battery

"To establish an assault claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact.

*Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001) (internal citations omitted). To establish a battery claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive contact, and (2) such contact did occur." *Id*.

Here, Plaintiff does not assert facts giving rise to either of these claims. In addition, she does not name the Defendant(s) responsible for these claims. As a result, the Court will deny these claims with leave to amend.

### C. Personal injury

This is not a claim—instead the "personal injury" she complains of is the result of her excessive force and/or deliberate indifference claims. As a result, the Court recommends this claim be dismissed without leave to amend as amendment would be futile.

### D. Kidnapping and ransom

First, kidnapping is a criminal offense. Plaintiff does not have a private right if action to assert such claim. *Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). In addition, this appears to be a variation of the illegal arrest claim. As a result, the Court recommends that this claim be dismissed without leave to amend as amendment would be futile.

### 3. Defendants

### A. METRO as Defendant

While not clear, it appears Plaintiff intends to name METRO and/or Officer Viramontes (or another officer) in connection with the alleged illegal arrest. The United States Supreme Court held in *Monell v. Department of Social Services of the City of New York* that a municipal entity like Metro can be held liable for the constitutional violations of an officer only if the violations occurred because the officer was carrying out a municipal policy or custom. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690, 98 S.Ct. 2018). But Plaintiff doesn't contend that the officer(s) who allegedly illegally arrested her were implementing a METRO policy or custom. Because *Monell* liability attaches only when an officer is executing a municipal policy or custom, Plaintiff must explain whether she is asserting that her arrest in April 2022 was part of a policy or custom in order to support a § 1983 claim against METRO.

If Plaintiff does not intend to assert claims that METRO was implementing a policy or custom and she is instead trying to allege the wrongful conduct of Officer Viramontes (or another officer), then she must state so in her complaint by naming him as the Defendant responsible for the alleged illegal arrest.

### B. Clark County Detention Center as a Defendant

The CCDC is an inanimate building, not a person or entity subject to liability under §1983 claims. The law defines persons as including natural persons (i.e., human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC, a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011). Accordingly, the Court will recommend that CCDC be dismissed with prejudice as amendment would be futile.

## II. INSTRUCTIONS FOR AMENDMENT

To help Plaintiff file a properly formatted complaint, the Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing her next amended complaint may result in a recommendation that this action be dismissed.

First, Plaintiff is advised that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims she is alleging against each defendant. Specifically, she must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to her and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, each claim must be separately asserted and mist contain (1) the factual allegation in support of the claim and (2) the Defendant(s) responsible for the allegtaions/

Fourth, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file her amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's claim for illegal arrest is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for defamation is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for slander is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for libel is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for malicious prosecution is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for excessive force is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for slander is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for assault is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for battery is denied with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim for deliberate indifference is denied with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she must do so by April 8, 2024. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS RECOMMENDED** that Plaintiff's claims for false imprisonment and false arrest be dismissed as duplicative of the illegal arrest claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims for personal injury be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims for kidnapping and ransom be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Defendant CCDC be dismissed with prejudice.

DATED: March 8, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE