UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lalaine Gil,<br><br>Plaintiff,<br><br>v.<br><br>Las Vegas Metropolitan Department, et al.,<br><br>Defendants. | Case No. 2:23-cv-02103-GMN-BNW<br><br>**ORDER and**<br>**REPORT AND RECOMMENDATION** |

This Court previously screened Plaintiff's Complaint. ECF No. 3. This Court (1) denied certain claims with leave to amend and (2) recommended that certain other claims be dismissed with prejudice. *Id*. Shortly thereafter, Plaintiff filed an Amended Complaint, which the District Judge construed as an objection to ECF No. 3. ECF No. 5. The District Judge adopted ECF No. 3. *Id*. In turn, the following claims were dismissed with prejudice: false imprisonment, false arrest, kidnapping, and ransom. *Id*. Defendant CCDC was also dismissed with prejudice. *Id.*

The Court now screens (1) the claims contained in the Amended Complaint that have not been dismissed by the District Judge and (2) the new claims contained in the pleading.

**I.      Analysis**

   **A.      Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

Plaintiff alleges that she was accused and arrested of a crime she did not commit. Specifically, that her daughter was injured as a result of an accident, and not as a result of child abuse. As a result, officers should not have entered her home or arrested her.

She also alleges that she was injured while in jail as a result of the officers' conduct and that she did not receive the proper medical care. She maintains these charges were ultimately dismissed.

Plaintiff brings the following claims: "(1) malicious prosecution, (2) medical neglect, (3) trespassing, (4) false police report, (5) violence against women and children, (6) false imprisonment, (7) excessive force, (8) disability violation, and (9) defamation, slander, and libel." ECF No. 5. She names the following Defendants: (1) Las Vegas Metropolitan Police Department, (2) Clark County Detention Center, (3) Unknown Police 1, and (4) Unknown Police 2. *Id.*

#### 1. <u>42 U.S.C. §1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988). As discussed more fully below, Plaintiff appears to assert constitutional violations in relation to her illegal arrest and the failure to attend to her medical needs while at the Clark County Detention Center. As explained more fully below, the Court will deny both constitutional violation claims with leave to amend.

### a. False imprisonment (construed as illegal arrest)

The District Court previously dismissed the false imprisonment claim as duplicative given Plaintiff's complaint included a claim for False Arrest. ECF No. 6. As a result, this Court construes this claim as one for illegal arrest instead of false imprisonment.

To state a § 1983 claim for illegal arrest, Plaintiff must show that Defendant made the arrest without probable cause or other justification. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013).

Here, Plaintiff alleges she was arrested for a crime that she did not commit, and that she explained to the officers there had been an accident. Nevertheless, Plaintiff alleges officers failed to listen to her. Liberally construing the complaint, the Court finds Plaintiff has sufficiently alleged a claim for illegal arrest.[1]

Lastly, it appears Plaintiff is alleging that Unknown Police Officers 1 and 2 were responsible for these acts. As a result, this claim can procced against Unknown Officers 1 and 2.

### b. Trespassing (construed as a Fourth Amendment violation)

Plaintiff alleges that after being handcuffed, the officers came in and out of the house without her consent. "A claim, construed liberally, that a state actor, without a warrant or probable cause, made forcible entry into a private home, sufficiently alleges Section 1983 claim." *Robinson v. Ayala*, No. 220CV08024VAPJDE, 2020 WL 8474754 * 4 (C.D. Cal. Dec. 21, 2020),

---

[1] Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Here Plaintiff alleges the charges were dismissed. As a result, this claim does not appear to be *Heck*-barred.

report and recommendation adopted, No. 220CV08024VAPJDE, 2021 WL 6102473 (C.D. Cal. Feb. 4, 2021). As a result, this claim can proceed against Unknown Officers 1 and 2.

### c. **Malicious prosecution**

In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).

Here, Plaintiff does not allege any facts to support this claim. This Court previously gave Plaintiff a chance to amend her complaint to include facts to support this allegation. ECF No. 3. Plaintiff has failed to do so. As a result, the Court will recommend this claim be dismissed without leave to amend.

### d. **Excessive Force**

In *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant's use of force was used purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id*. at 2472-73.

Plaintiff alleges that during her arrest, officers "twisted her upper arm down to her elbow." Liberally construing these allegations, Plaintiff has sufficiently pled this claim. As a result, this claim can proceed against Unknown Officers 1 and 2.

### e. **Medical Neglect (construed as Deliberate indifference)**

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018) (relying on *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment). To state a § 1983 claim for failure to provide medical care, a prisoner

must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, Plaintiff alleges officers made her sit while handcuffed for 10 to 12 hours. She alleges that she was paralyzed and in pain. She also alleges she was never offered any medical attention. As a result, Plaintiff has sufficiently pled this claim against Unknown Officers 1 and 2.

### f. **Defamation, slander, and libel claims**

A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (1997).

In order to assert a claim for slander, Plaintiff must show that there was "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person, (3) fault, amounting to at least negligence, and (4) actual or presumed damages." *Flowers v. Carville*, 266 F.Supp.2d 1245, 1251 (D. Nev. 2003). Similarly, a claim for slander also requires "a showing of special damages unless the defamatory statement is slanderous per se." *Lambey v. Nevada ex rel. Dept. of Health and Human Services*, 2008 WL 2704191 at *5 (D. Nev. 2008). "A statement is slanderous per se if it (1) imputes commission of a crime; (2) injures the plaintiff's trade, business, or office; (3) imputes contraction of a loathsome disease; or (4) imputes unchastity in a woman." *Id*.

In order to maintain a claim of libel, a plaintiff must show a false and defamatory statement, its unprivileged publication, fault, and damages. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82 (2002).

Plaintiff alleges no facts regarding any of these claims. This Court has previously given Plaintiff an opportunity to include additional facts to support these claims. ECF No. 3. Plaintiff has failed to do so. Thus, the Court recommends these claims be dismissed without leave to amend.

### g. **False Police Report**

This is not a claim—instead, this is the written product that followed her alleged claim for illegal arrest. As a result, the Court recommends this claim be dismissed without leave to amend.

### h. **Violence Against Women and Children**

This is not a claim—instead, this is the alleged manner in which the officer acted in while partaking in the alleged Fourth Amendment claims. As a result, the Court recommends this claim be dismissed without leave to amend.

### i. **Disability Violation**

Plaintiff alleges that she suffers from a disability. This allegation was made in the context of her excessive force claim. That is, in alleging the way she was arrested, she also explains she has chronic pain and PTSD. This Court finds that allegation is connected to the excessive force and recommends it be dismissed as duplicative.

### j. **METRO as Defendant**

Plaintiff names METRO as a Defendant. The United States Supreme Court held in *Monell v. Department of Social Services of the City of New York* that a municipal entity like Metro can be held liable for the constitutional violations of an officer only if the violations occurred because the officer was carrying out a municipal policy or custom. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690, 98 S.Ct. 2018). But Plaintiff doesn't contend that the officer(s) who allegedly violated the constitution were implementing a Metro policy or custom. Because *Monell* liability attaches only when an officer is executing a municipal policy or custom, Plaintiff's claim against METRO fails.

This Court has previously given Plaintiff an opportunity to include additional facts to support a *Monnell* claim. Plaintiff has failed to do so. Thus, the Court recommends this Defendant be dismissed without leave to amend.

### k. **Clark County Detention Center as a Defendant**

The District Judge has already dismissed this Defendant. ECF No. 6.

### 2. **Unknown Officers 1 and 2**

Plaintiff must identify these two officers by their true names and substitute those

individual persons as parties before the U.S. Marshal will be ordered to serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (finding that Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding that, in order to properly effect service under Rule 4 in an IFP case, the plaintiff was required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. 18-00249-DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

However, the Court will not dismiss these defendants at this time because where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

### 3. Instructions for Amendment

While this Court has allowed several claims to proceed, Plaintiff must first identify Unknown Officers 1 and 2. Plaintiff will have 90 days to file a Second Amended Complaint (1) alleging the four claims the Court is allowing to proceed and (2) which names of Unknown Officers 1 and 2.

Plaintiff is advised that if she files a Second Amended Complaint, the amended complaint (ECF No. 5) no longer serves any function in this case. As such, if she files a Second Amended Complaint each claim and the involvement of each defendant must be sufficiently alleged. The Court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. CONCLUSION

**IT IS ORDERED** that the following claims will proceed against Unknown Officers 1 and 2:

- Illegal Arrest
- Fourth Amendment Violation
- Excessive Force
- Deliberate Indifference

**IT IS RECOMMENED** that the following claims be dismissed without leave to amend:

- Malicious Prosecution
- Defamation. Slander, and Libel
- False Police Report
- Violence Against Women and Children,
- Disability Violation.

**IT IS FURTHER RECOMMENED** that Defendant MTERO be dismissed without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have 90 days from the date of this Order to file a Second Amended Complaint which identifies Unknown Officers 1 and 2.

///

///

///

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 14, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE